IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-190 |
| | § | C.A. No. C-04-309 |
| RICHARD S. PAINTER, | § | |
|     Defendant-Movant. | § | |

## ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT

On November 5, 2004, the Court denied Defendant/Movant Richard S. Painter's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (D.E. 60).[1] Final judgment was entered the same day. (D.E. 61). The Court also denied him a Certificate of Appealability. On December 30, 2004, Painter filed a motion for expansion of the § 2255 record to include a certified translation of a document that was previously provided only in Spanish to this Court, which this Court transferred to the Fifth Circuit. (D.E. 62, 65). On January 3, 2005, Painter filed a notice of appeal from the denial of his § 2255 motion. (D.E. 63). That appeal is pending.

On September 8, 2005, Painter filed a motion for relief from the Court's final judgment denying his § 2255 motion, pursuant to Fed. R. Civ. P. 60(b)(3). (D.E. 72). On September 13, 2005, the United States filed a response to the motion (D.E. 73), which the Court has also considered. That motion is pending before the Court and is addressed herein.[2]

---

[1] Docket entries refer to the criminal case, CR. No. C-01-190.

[2] The Court's order denying Painter's § 2255 motion contained background information and analysis regarding the underlying criminal proceedings. (D.E. 60). Rather than repeating much of that same information here, familiarity with that Order is assumed.

**ANALYSIS**

**A.     Jurisdiction**

As noted, Painter's motion is brought pursuant to Rule 60(b). Because his notice of appeal has already been filed and his appeal remains pending, the Court must first determine whether it has jurisdiction to consider Painter's motion. The Fifth Circuit has recognized repeatedly that a district court is without jurisdiction to *grant* a Rule 60(b) motion after an appeal has been perfected, but the court retains jurisdiction to *deny* such a motion because the denial is considered to be in furtherance of the appeal. See, e.g., Winchester v. United States Attorney for the Southern District of Texas, 68 F.3d 947, 948-49 (5th Cir. 1996); Travelers Ins. Co. v. Liljebert Enters., Inc., 38 F.3d 1404, 1407 (5th Cir. 1994).

Because the Court determines that Painter is not entitled to relief under Rule 60(b), and therefore denies his motion to reconsider, it has jurisdiction to do so. See Winchester, supra; Travelers Ins. Co., supra.

**B.     Rule 60(b) Motion**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

Painter claims relief pursuant to subsection (3), arguing that the U.S. Attorneys' office

misrepresented certain facts concerning his extradition, and that this Court relied on those erroneous facts in denying his § 2255 motion. Specifically, he asserts that the government erroneously represented to the Court that Painter's extradition had been sought and granted both on drug charges and on failure to appear charges, which were charged in separate indictments. Painter argues that, in fact, extradition was only granted as to the drug charges. He claims that the English translation of a document previously provided to the Court only in Spanish exposes the government's misrepresentations. The document was attached to Painter's original § 2255 motion, but no English translation was provided. Accordingly, the Court had previously refused to consider the document. (D.E. 60 at 11 n.5).

In his motion for expansion of the record, Painter provided a copy of the extradition document, along with the sworn certification of a nationally certified court interpreter/translator. (D.E. 62). He did not provide any sworn testimony, however, indicating that the original Spanish language document provided to the interpreter was, in fact, the Costa Rican court's decision. As noted, this Court transferred the motion for expansion to the Fifth Circuit, because Painter's appeal was pending. (D.E. 65).

In support of his Rule 60(b) motion, Painter has now provided a ***different*** English version of the document. It is unauthenticated and does not contain a certification from an official translator. It is subject to being stricken for this reason alone. His attorney explains, however, that he received the document from the Assistant United States Attorney. (D.E. 72 at 4). The United States Attorney confirms that the document was provided by its office and explains that it received the translation from the Costa Rican Embassy, through the U.S. Department of Justice in Washington, D.C. (D.E. 73 at 4, 7). Accordingly, because the Court resolves this motion on other grounds, and because the United States does not challenge the authenticity or accuracy of the document, the Court will not strike it, but

considers it herein.

Painter claims that the document makes clear that he was only extradited for the drug offenses, and not the failure to appear charges. He thus claims that his sentence, which was enhanced based on his failure to appear, violated the Rule of Speciality. (See generally D.E. 60 at 3-5, 8-12 (Court's prior order discussing the Rule of Speciality)). For the reasons discussed herein, Painter's argument does not entitle him to relief under Rule 60(b).

As an initial matter, the Court notes that the document Painter so heavily relies upon is not as clear in supporting his position as his motion suggests. The document is the decision of the Costa Rican court as to the United States' extradition request. In it, the Costa Rican court first notes that Painter is wanted as the subject of two proceedings, and references both the drug charges in the indictment in case number C-01-190, and the failure to appear charges in case number C-01-cr-387. (D.E. 72, Exh. A at 2-3). Similarly, the order sets forth facts of the underlying case and includes facts supporting both the drug and failure to appear charges. (Id. at 3-4). The next section of the extradition order is entitled "Considering" with a subtitle of "First: Proven Facts." Admittedly, no mention is made in that particular section of the failure to appear charges. Rather, the discussion focuses solely on the drug charges against Painter, and on the possible punishment under those drug charges. (Id. at 4-8).

Likewise, in the section where the court is determining whether criminal conduct for which extradition is sought is also considered criminal conduct in Costa Rica, the court does not discuss whether Painter's failure to appear would also be an offense under Costa Rican law, but refers instead only to the drug charges. In the same section, however, the court does reference Painter's failure to appear as proof that he has not yet been tried for the drug charges. (Id.).

In the final portion of the order, the Court directs that extradition will be allowed based on a

formal pledge "that the extradited individual will not be tried for acts different from those that prompted the extradition and that penalties different from those indicated by Title 21, Article 841(a)(1) of the Code of the United States of America will not be applied." (Id. at 14). This portion of the order, in particular, provides some support for Painter's argument that extradition was granted only as to the drug charges. On the other hand, though, the extradition is being allowed on the pledge that Painter would "not be tried for acts different from those that prompted the extradition." It is unclear, based on the rest of the order whether the extradition was also "prompted" by the failure to appear charges. In short, the Court does not find that the record is clear on the issue.

In any event, even if the document unequivocally showed that extradition was granted only as to the drug charges, and even if the government made misrepresentations concerning the extradition (a finding unsupported by the record), those facts would not alter the Court's ultimate conclusion that Painter's § 2255 motion was properly denied. Put differently, even if the failure to appear charges were explicitly referenced in the translated documented as non-extraditable offenses, Painter was not convicted for any failure to appeal. Rather, the failure to appear charges were dismissed, and his sentence for the drug charges was merely enhanced based on the conduct that gave rise to the failure to appear charges. Thus, the Rule of Specialty was not violated. As noted in its order denying Painter's § 2255 motion:

> Neither the obstruction of justice enhancement or the denial of acceptance of responsibility (resulting in an increased sentence in the drug case) violated the Rule of Specialty. United States v. Garrido-Santana, 360 F.3d 565, 577-79 (6th Cir. 2004)(use of non-extraditable offense of failure to appear to increase the defendant's sentence on the extraditable drug offense did not constitute "punishment" in violation of the Rule of Specialty), cert. denied, 124 S. Ct. 2926 (2004). Although Garrido-Santana, as a decision of the Sixth Circuit, is obviously not binding in the instant case, the Court finds the analysis and reasoning of that decision persuasive. See also United States v. Lazarevich, 147 F.3d 1061, 1063 (9th Cir. 1998)(district court's

5

consideration of a non-extraditable offense to increase sentence for offense for which defendant was extradited was not "punishment" in violation of the rule of specialty).

(D.E. 60 at p. 11).

As set forth above, the Court concluded in its earlier order that even if the extradition documents reflected that Painter had not been extradited on the failure to appear charge, the enhancements to his sentence based on his failure to appear would not violate the Rule of Specialty. (See id.). Painter has presented nothing to the Court now to show that he is entitled to Rule 60(b) relief.

## CONCLUSION

For the foregoing reasons, Painter's motion for relief (D.E. 72) is DENIED.

It is so ORDERED this 30th day of September 2005.

_____
Janis Graham Jack
United States District Judge